UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

KARRIE ACKLEY
on behalf of herself and
all others similarly situated,                    Case No. 22-cv-232

       Plaintiff,                              **COLLECTIVE AND CLASS
                                                  ACTION COMPLAINT
                                                  PURSUANT TO 29 U.S.C. §216(b)**
v.                                                **AND FED. R. CIV. P. 23**

MARATHON CHEESE CORPORATION           **JURY TRIAL DEMANDED**
304 East Street
Marathon, Wisconsin 54448

       Defendant

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Karrie Ackley, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Marathon Cheese Corporation, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant, in violation of the FLSA and WWPCL; and (2) failing to compensate said employees for pre-shift and post-shift hours worked and/or work performed when said employees were engaged in, respectively, donning and doffing food processing-related protective gear and other equipment, in violation of the FLSA and WWPCL.

3.      Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

7.    Plaintiff, Karrie Ackley female resident of the State of Wisconsin residing at W6259 County Road O, Medford, Wisconsin 54451.

8.    Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

9.    Defendant, Marathon Cheese Corporation, is an Wisconsin-based company doing business in the State of Wisconsin with a principal office address of 304 East Street, Marathon, Wisconsin 54448.

10.    Defendant is a food processor and manufacturer.

11.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, and managed multiple physical locations and/or food processing facilities and plants in numerous States, including in the State of Wisconsin.

12.    For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13.    For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14.    During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

15.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Line Worker at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge alongside all other hourly-paid, non-exempt employees at Defendant's Marathon, Wisconsin location.

16.    Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendant at locations owned, operated, and managed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

17.    During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant employed more than two (2) employees.

18.    During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's annual dollar volume of sales or business exceeded $500,000.

19.    During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

20.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

21.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

22.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

23.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

24.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

25.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

26.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees for

hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, incentives, and/or other rewards and payments.

## **GENERAL ALLEGATIONS**

27.     In approximately the Fall of 2018, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Line Worker working at Defendant's Marathon, Wisconsin location.

28.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

29.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

30.     Plaintiff is still currently employed by Defendant.

31.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's Marathon, Wisconsin location.

32.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at locations that were owned, operated, and managed by Defendant.

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

34.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

35.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

36.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

37.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendant.

38.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant.

39.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

40.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

41.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

42.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

45.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned each work day and each workweek.

46.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

47.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendant's electronic timekeeping system at the beginning of their shifts each work day.

48.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system at the end of their shifts each work day.

49.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendant's electronic timekeeping system were kept, stored, and/or retained by Defendant.

50.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendant's electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each work day and each workweek by Plaintiff and all other hourly-paid, non-exempt employees. However, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day: while "clocked in" via Defendant's electronic timekeeping system; *and* immediately prior to and subsequent to said employees' respective "clock in" and "clock out" times.

51.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to arrive to work on Defendant's premises and to don food processing-related protective gear and other equipment, such as steel-toed shoes, earplugs, safety glasses, hairnets, uniforms, and lab jackets prior to "clocking in" via Defendant's electronic timekeeping system for their scheduled shift start times.

52.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff's normal or customary daily routine prior to her scheduled shift start times was as follows: arrive to work at Defendant; physically enter Defendant's building from the parking lot and walk to Defendant's locker room; put on food processing-related protective gear and other equipment in Defendant's locker room, such as steel-toed shoes, earplugs, safety glasses, a Defendant-issued uniform, and a hairnet; leave Defendant's locker room and physically walk through double doors to put on a Defendant-issued lab jacket; wash her hand in the wash bay; "clock in" via Defendant's electronic timekeeping system; put on safety gloves; and physically arrive at the "line" on Defendant's production floor prior to her scheduled shift start time.

53.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff's normal or customary daily routine prior to her scheduled shift start times each work day as stated in the aforementioned paragraph was similar, if not identical, for her and all other hourly-paid, non-exempt employees.

54.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), the food processing-related protective gear and other equipment that Plaintiff and all other

hourly-paid, non-exempt employees donned each work day prior to their scheduled shift start times was integral and indispensable to performing their job duties.

55.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), some of the food processing-related protective gear and other equipment that Plaintiff and all other hourly-paid, non-exempt employees donned each work day prior to their scheduled shift start times, such as their steel-toed shoes and the lab jackets, could not be taken home or off of Defendant's premises.

56.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for donning food processing-related protective gear and other equipment as identified herein on a daily basis prior to and after "clocking in" via Defendant's electronic timekeeping system and prior to their scheduled shift start times.

57.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant required, expected, or directed Plaintiff and all other hourly-paid, non-exempt employees to "clock in" via Defendant's electronic timekeeping system and to physically be at the "line" on Defendant's production floor dressed and ready to work (and to relieve the employee working on the previous shift) prior to their scheduled shift start times each work day.

58.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1) and if Plaintiff or any other hourly-paid, non-exempt employee was not physically at the "line" dressed and ready to work (and to relieve the employee working on the previous shift) prior to their scheduled shift start times each work day, they would be disciplined by Defendant.

59.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt employees at the beginning of their shifts each work day was to round said employees' actual hours worked and/or work performed forward to said employees' scheduled shift start times. For example, during Plaintiff's employment with Defendant, and if Plaintiff arrived to work at Defendant, physically put on food processing-related protective gear and other equipment (and engaged in other pre-shift activities) as identified herein, and then "clocked in" via Defendant's electronic timekeeping system at approximately 5:54 a.m. for her 6:00 a.m. scheduled shift start time (and then proceeded to engage in further pre-shift activities as identified herein), Defendant's compensation policies in practice failed to pay Plaintiff for engaging in any pre-shift activities prior to *and* after "clocking in" via Defendant's electronic timekeeping system; instead rounding Plaintiff's start time for compensation purposes to her scheduled shift start time of 6:00 a.m. Such a rounding practice in this regard was non-neutral and resulted in Defendant shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for pre-shift hours worked and/or work performed.

60.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to "clock out" via Defendant's electronic timekeeping system at or after their scheduled shift end times.

61.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), and if Plaintiff or any other hourly-paid, non-exempt employee "clocked out" via Defendant's electronic timekeeping system prior to their scheduled shift end times, they would be disciplined by Defendant.

62.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to "clock out" via Defendant's electronic timekeeping system and then physically remove the food processing-related protective gear and other equipment as identified herein, such as lab jackets, safety gloves, Defendant-issued uniforms, hairnets, earplugs, safety glasses, and steel-toed shoes, prior to leaving Defendant's premises.

63.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff's normal or customary daily routine at her scheduled shift end time was as follows: physically leave the "line" on Defendant's production floor; "clock out" via Defendant's electronic timekeeping system; physically remove her food processing-related protective gear and other equipment as identified herein, such as her lab jacket, safety gloves, Defendant-issued uniform, hairnet, earplugs, safety glasses, and steel-toed shoes; wash and/or clean up; and physically leave Defendant's premises for the day.

64.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff's normal or customary daily routine at her scheduled shift end times each work day as stated in the aforementioned paragraph was similar, if not identical, for her and all other hourly-paid, non-exempt employees.

65.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for doffing the food processing-related protective gear and other equipment as identified herein on a daily basis after "clocking out" via Defendant's electronic timekeeping system for their scheduled shift end times.

66.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt employees at the end of their shifts each work day was to round said employees' actual hours worked and/or work performed backwards to said employees' scheduled shift end times. For example, during Plaintiff's employment with Defendant, and if Plaintiff "clocked out" via Defendant's electronic timekeeping system at approximately 4:10 p.m. for her 4:00 p.m. scheduled shift end time, Defendant's compensation policies in practice failed to pay Plaintiff for doffing the protective gear and other equipment as identified herein after "clocking out" via Defendant's electronic timekeeping system *and* rounded Plaintiff's end time for compensation purposes back to her scheduled shift end time of 4:00 p.m. Such a rounding practice in this regard was non-neutral and resulted in Defendant shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for post-shift hours worked and/or work performed.

67.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

68.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all pre-shift and post-shift compensable work performed as described herein.

69.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-

paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

70.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each work day.

71.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each work day and each workweek.

72.     Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

73.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

74.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

75.     Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

76.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed each work day while "clocked in" via its electronic timekeeping system. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

77.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, shaved time from the FLSA Collective's timesheets by not compensating the FLSA Collective for spending compensable work time donning and doffing food processing-related protective gear and other equipment. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

78.     The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

79.    The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

80.    Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

81.    Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

82.    Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

83.    The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facilities in areas where postings are normally made.

84.    Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

85.    Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **WWPCL Class (Timeshaving):** All hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) through the date of judgment who have not been compensated for all hours worked each workweek – either at a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – as a result of Defendant's timeshaving practices.

> **WWPCL Class (Donning & Doffing):** All hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) through the date of judgment who have not been compensated for all hours worked each workweek – either at a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – as a result of donning and doffing food processing-related protective gear and other equipment.

86.    The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

87.    The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred (100) members of each of the Wisconsin Classes.

88. Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

89. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

90. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

91.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

92.     Defendant has violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

93.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated; (3) Whether

Defendant failed to pay Plaintiff and the Wisconsin Classes for all work Defendant suffered or permitted them to perform each work day and each workweek; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

94.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Timeshaving)**
**(Plaintiff on behalf of herself and the FLSA Collective)**

95.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

96.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

97.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

98.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

99.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

100.    Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours

worked and/or work performed, and by failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

101.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

102.    Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

103.    Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

104.    Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint,

plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

105.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Donning & Doffing)**
**(Plaintiff on behalf of herself and the FLSA Collective)**

106.    Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

107.    At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

108.    At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

109.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

110.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

111.    Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice failed to compensate the FLSA Collective for pre-shift and post-shift hours worked and/or work performed when said employees were engaged in, respectively, donning and doffing food processing-related protective gear and other equipment, and by failing to compensate the FLSA

Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

112.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

113.    Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

114.    Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

115.    Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

116. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**THIRD CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Overtime Wages (Timeshaving)**
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

117. Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

118. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

119. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

120. At all relevant times, Defendant employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

121. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

122. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

123. Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class'

timesheets for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

124.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

125.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

126.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FOURTH CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Overtime Wages (Donning & Doffing)**
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

127.    Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

128.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

129.   At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

130.   At all relevant times, Defendant employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

131.   Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

132.   At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

133.   Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to compensate the Wisconsin Class for pre-shift and post-shift hours worked and/or work performed when said employees were engaged in, respectively, donning and doffing food processing-related protective gear and other equipment, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

134.   Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

135.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

136.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FIFTH CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Regular Wages/Failure to Pay an Agreed-Upon Wage**
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

137.    Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

138.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

139.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

140.    At all relevant times, Defendant employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

141.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

142.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

143.    Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

144.    Throughout the Wisconsin Class Period, Defendant did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

145.    Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that: shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek; and failed to compensate Plaintiff and the Wisconsin Class for pre-shift and post-shift hours worked and/or work performed when said employees were engaged in, respectively, donning and doffing food processing-related protective gear and other equipment, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at their regular hourly rate of pay when hours worked each workweek did not exceed forty (40), in violation of the WWPCL.

146.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class compensation for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

147.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

148.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 26th day of April, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com